IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| HARMONY JONES, | ) |
|---|---|
| Plaintiff, | ) Docket No. |
| v. | ) |
| | ) JURY DEMAND |
| DARRELL WHITE, | ) |
| and | ) |
| GREEN BOY INC., | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff states:

1. Plaintiff Harmony Jones ("Plaintiff") is a citizen and resident of Shelby County, Tennessee.

2. Defendant Darrell White ("Defendant White") is a resident of Collin County, Texas, and may be served with process at 3224 Berry Hollow Drive, Melissa, TX 75454.

3. Defendant Green Boy Inc. ("Defendant Green Boy Inc.") is a foreign corporation with its principal office in Fontana, California, and may be served with process through its registered agent, Desiree Sanchez, 11849 Hesperia Road, Suite 5, Hesperia, CA 92345.

4. At all times relevant to the matters alleged herein, Defendant Green Boy Inc. was the employer of Defendant Darrell White.

5. On October 23, 2022, in Hickman County, Tennessee, Defendant White was operating a 2016 Freightliner truck and traveling eastbound on I-40.

1

6. Upon information and belief, Defendant White operated the 2016 Freightliner truck on behalf of his employer, Defendant Green Boy Inc.

7. As Defendant White attempted to merge onto I-40 from the right shoulder, he failed to yield the right of way to other traffic and attempted to merge into the lane already occupied by the Plaintiff, causing a collision with the Plaintiff's vehicle.

8. Plaintiff suffered bodily injuries as a result of the collision.

9. Defendant White is at fault for the collision.

10. Defendant White failed to pay proper attention.

11. Defendant White failed to maintain a proper lookout.

12. Defendant White failed to yield the right of way.

13. Defendant White failed to keep the vehicle he was driving under proper control.

14. Defendant White failed to use reasonable and due care in the operation of the vehicle he was driving so as to avoid injury to other persons, including Plaintiff.

15. Based on Defendant White's conduct described herein, Defendant White was negligent.

16. Defendant White violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care, by failing to maintain a safe lookout, by failing to keep the vehicle he was driving under proper control, and by failing to devote full time and attention to operating the vehicle he was driving, under the existing circumstances to avoid endangering life, limb, or property.

17. Based on Defendant White's conduct described herein and Tennessee's statutory rules of the road, Defendant White was negligent *per se*.

18. At all times relevant to the matters alleged herein, Defendant Green Boy Inc. was the owner of the vehicle that Defendant White was operating at the time of the incident.

19. At all times relevant to the matters alleged herein, the vehicle that Defendant White was operating at the time of the collision was registered in the name of Defendant Green Boy Inc.

20. Plaintiff invokes the presumptions of Tenn. Code Ann. §§ 55-10-311 and 312.

21. At all times relevant to the matters alleged herein, Defendant White was operating the vehicle with the permission of Defendant Green Boy Inc.

22. At all times relevant to the matters alleged herein, Defendant White was an agent, employee, or both of Defendant Green Boy Inc.

23. At all times relevant to the matters alleged herein, Defendant White was acting in the course and scope of his agency, employment, or both on behalf of Defendant Green Boy Inc.

24. At all times relevant to the matters alleged herein, Defendant Green Boy Inc. was vicariously responsible for the negligent acts, omissions, or both of Defendant White under the doctrine of *respondeat superior*.

25. At all times relevant to the matters alleged herein, Defendant Green Boy Inc. knew or reasonably should have known of Defendant White's propensity to operate vehicles in a reckless or negligent manner so as to create an unreasonable risk of harm to others.

26. Defendant Green Boy Inc.'s negligent entrustment of its vehicle to Defendant White is the direct and proximate cause of the collision and Plaintiff's injuries and damages.

27. Plaintiff has suffered injuries as a direct and proximate result of the collisions.

28. Plaintiff has incurred medical bills and other expenses as a direct and proximate result of the collisions.

29. Plaintiff has endured physical pain and mental suffering as a direct and proximate result of the collisions.

30. Plaintiff has suffered loss of enjoyment of life as a direct and proximate result of the collisions.

31. Plaintiff has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collisions.

32. Plaintiff seeks to recover for all of her damages allowed under Tennessee law.

WHEREFORE, Plaintiff Harmony Jones prays for the following relief:

1. A judgment for compensatory damages against Defendants in an amount to be determined by the trier of fact, but in excess of $75,000;

2. An award of all discretionary costs and court costs; and

3. Such other and further relief as shall be deemed reasonable, just, and necessary.

Respectfully submitted,

*/s/ Kelli Lester*
Kelli Lester (#039732)
**MORGAN & MORGAN – NASHVILLE, PLLC**
810 Broadway, Suite 105
Nashville, Tennessee 37203
PHONE: (270) 495-6799
EMAIL: klester@forthepeople.com